UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANGELA D. BOYD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20 C 710 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant AFSCME Council 31's Motion to Dismiss and Defendant City of Chicago's Motion to Dismiss Plaintiff Angela Boyd's Complaint. For the following reasons, the Court grants the Motions.

## STATEMENT

This is an Equal Pay Act case where Plaintiff Angela Boyd, a mailroom employee, broadly alleges that the City of Chicago's Department of Fleet and Facility Management paid her less than her male counterparts for equal work. Boyd also alleges that AFSCME Council 31, a labor union that represents public employees, is also liable to her for damages in part because AFSCME proposed and entered into an agreement with the City that established Boyd's pay rate.

Boyd's duties specifically included picking up and dropping off mail and boxes at various City locations. Despite these distinct duties, Boyd alleges that she was paid less than three other men. First, she alleges that she was paid less than Mr. Romell

1

Short, a concrete laborer, who was paid $40.20 an hour. Second, she alleges that she was paid less than Mr. Michael Evans, a City Assistant Commissioner, who was paid an annual salary of over $90,000. And third, Boyd alleges that another man—a firefighter—was paid an annual salary of over $100,000.

Armed with these facts, Boyd alleges a violation of (1) the Illinois EPA (Count I); and (2) the Federal EPA (Count II).[1] Now, both the City and AFSCME move to dismiss Boyd's Amended Complaint. The Court will address these motions in turn.

**1. The City's Motion**

To plead an EPA claim, Boyd must allege that "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *Cullen v. Indiana Univ. Bd. of Trustees*, 338 F.3d 693, 698 (7th Cir. 2003). Because Boyd alleges the first prong, the Court's analysis rests on prongs two and three. In effect, the Court must look at whether the higher paid males did equal work as defined by the EPA.

In answering this question, the Court is mindful that a complaint with mere "naked assertions devoid of further factual enhancement" does not suffice under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff like Boyd also needs to provide "enough details about the subject-matter of the case to present a story that

---

[1] The Court considers these claims in tandem because both acts prohibits sex-based wage discrimination. *See* 820 ILCS 112/10(a); 29 U.S.C. § 206(d). The parties have also not provided any legal authority suggesting that the two statutes should be analyzed differently.

holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Thus, the Court looks solely at the factual allegations in Boyd's Complaint and asks whether based on its experience and common sense, there is enough there to present a story of discrimination that "holds together." In other words, is there more than a "sheer possibility" of discrimination?

Here, the Court concludes that there is not. Put simply: Boyd alleges no facts to support an inference that the three men at issue completed equal work that required similar skill, effort, or responsibility. That is fatal to Boyd's Amended Complaint. *See, e.g., Kairam v. W. Side GI, LLC*, 793 F. App'x 23, 26 (2d Cir. 2019) (summary order) (the "single allegation" that an administrative assistant was paid less than a doctor for completing administrative work fails to plausibly allege an EPA violation); *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 257 (2d Cir. 2014) ("broad generalizations based on mere job classifications are not cognizable under the EPA."); *Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 875 (11th Cir. 2013) (unpublished) (affirming a district court's dismissal of an EPA claim where the plaintiff "did not plead the facts comparing her skill, effort, and responsibility levels to those younger males who were allegedly paid more than her.").

But what about the alleged comparators that Boyd uses to try to state a claim? Well, the Court will unpackage those comparators in turn. First, Boyd alleges that Mr. Romell Short, a concrete laborer, also picked up and dropped off mail. The Court does not have to consider any extrinsic evidence or take judicial notice of anything to take

Boyd at her word that Mr. Short was a concrete laborer in addition to handling mail. As the title would imply, the Court finds it fair to surmise that concrete work is a difficult, skilled trade. Second, Boyd alleges that another man, a firefighter, was paid over $100,00 a year to pick up and drop off mail. But, again, this man fought fires in addition to dealing with the mail. Presumably, this means that this man runs into burning buildings as part of his job. That is nowhere close to the "same work" as Ms. Boyd. What about the third comparator? Well, Mr. Michael Evans was an "Assistant Commissioner," which entitled him to a salary of over $90,000. That too is different than being a mailroom employee because it entails distinct management and oversight responsibilities. Taken individually or together, these differences entirely undercut the adequacy of Boyd's Amended Complaint. *See Spencer v. Virginia State Univ.*, 224 F. Supp. 3d 449, 457 (E.D. Va. 2016) ("As a result, the Court cannot find that Plaintiff's proposed comparators supply a logical, analytical basis to support a plausible wage discrimination claim under the EPA.").

In response, Boyd makes several arguments all of which fail.

Initially, Boyd alleges that she had to wear steel toed boots, use dollies, and lift heavy packages, which makes her job similar to a concrete laborer. The Court is not an expert in the ins-and-outs of cement masonry, but it is confident that there is indeed a difference between someone who pours cement and someone who handles mail, even acknowledging that there are some similarities. And, in deciding a motion to dismiss, we cannot ignore our "judicial experience and common sense." *See McCauley v. City*

of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (internal citation omitted). Rather, we analyze the Amended Complaint for at least some amount of "factual heft." *Id.* at 617.

Boyd next takes issue with the City's reliance on numerous exhibits in support of its Motion to Dismiss. Those exhibits outline the duties performed by a firefighter, a concrete laborer, and an assistant commissioner. And, because those exhibits are governmental records, the City asks the Court to take judicial notice of them. But the Court does need to reach this issue because it does not take evidence or robust documentation to conclude that running into a burning building is different than delivering the mail.

Boyd's last argument is that job descriptions are irrelevant to an Equal Pay Act claim.[2] True, Boyd could prevail on these motions if, for example, Boyd alleges that the different titles were a mere pretext. Maybe the firefighter has not fought fires in years? Or maybe the laborer is merely masquerading as someone knowledgeable about concrete? Or maybe the assistant commissioner did not lead, direct, or commission anything? Unfortunately, Boyd's Amended Complaint alleges none of these facts, or others, that would allow her Amended Complaint to survive a motion to dismiss.

In sum, from the face of the Amended Complaint, the Court asks itself, if everything in the Amended Complaint were true, could Defendants be found liable?

---

[2] Boyd also argues that the Court's prior decision on Boyd's Section 1915 Application binds the Court to conclude that Boyd has stated a claim. Not so, because "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case." *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). Also, the Court exercises its discretion to prioritize arguments made after the issues have been fully briefed.

The Court has asked that question and has considered every inference that could be fairly drawn in Boyd's favor. But is Boyd's position really that the City cannot pay a firefighter more than a mailroom employee? If so, that position cannot stand. *See David v. Board of Trustees of Community College District No. 508*, 846 F.3d 216, 230 (7th Cir. 2017) (concluding that having duties *in addition to* otherwise similar duties does not establish a prima facie case under the EPA); *Sims-Fingers v. City of Indianapolis*, 493 F.3d 768, 771–72 (7th Cir. 2007) ("The proper domain of the Equal Pay Act consists of standardized jobs in which a man is paid significantly more than a woman (or anything more, if the jobs are truly identical) and there are no skill differences.").

Accordingly, the City's Motion to Dismiss is granted.

## 2. AFSCME's Motion

Based on the preceding factual discussion, Boyd's Amended Complaint also alleges the following against AFSCME:

> Upon information and belief, the Union proposed terms and entered into an agreement with the City which established Ms. Boyd's pay rate. Those terms permitted Ms. Boyd to be paid at a lower rate than men having jobs with different titles working for the City, when those men performed the same work under the same conditions, as explained below.

Notably, this additional allegation does nothing to remedy the Amended Complaint's central deficiency—that Boyd nowhere alleges with any factual texture that she was paid less for the same work under the same conditions. Absent this allegation, there is nothing illegal for AFSCME to "permit." The Court thus dismisses the case against AFSCME on the same grounds as above.

Boyd's claim against AFSCME also fails for another more sweeping reason: the EPA itself precludes the remedy that Boyd seeks.

The parties spill a lot of ink on this point with many out-of-district cases, but they neglect to cite this Court's conclusion about this issue nearly forty years ago in *Neuman v. Nw. Airlines, Inc.*, 1982 WL 313, at *2 (N.D. Ill. 1982) (Kocoras, J.). There, the Court observed the following:

> Further guidance in this matter is provided by cases brought under the Equal Pay Act, 29 U.S.C. § 206(d). Like the ADEA, the EPA proscribes certain discriminatory conduct by unions and incorporates the remedies of the FLSA. In interpreting those FLSA remedies in the context of the EPA, the district courts have consistently found that section 16(b) of the FLSA "does not provide for private actions by employees against a union." *See, eg., Tuma v. American Can Co.*, [6 EPD P 8842] 367 F.Supp. 1178, 1181 (D.N.J. 1973); *Lyon v. Temple University*, 507 F.Supp. 471 (E.D.Pa. 1981); *Cook v. Mountain States Telephone & Telegraph Co.*, 397 F.Supp. 1217 (D.Ariz. 1975). *See also Northwest Airlines, Inc. v. Transport Workers Union*, [20 EPD P 30285] 606 F.2d 1350 (D.C. Cir. 1979), *aff'd in part and vacated in part*, [25 EPD P 31,723] 101 S.Ct. 1571 (1981); *Denicola v. G. C. Murphy Co.*, [14 EPD P 7778] 562 F.2d 889 (3d Cir. 1977). Given this interpretation of section 16(b) of the FLSA, it cannot be said that it authorizes the plaintiffs in this case to sue ALPA for monetary damages under the ADEA.

*Id.*; *see also Nicolaisen v. Chi. & Nw. Transp. Co.*, 1991 WL 237619, at *7 (D. Kan. 1991) (citing *Neuman* approvingly and collecting cases). And, of course, we give "great weight to [our] prior decisions." *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004); *see also* B. Cardozo, The Nature of the Judicial Process 149 (1921) ("The labor of judges would be increased almost to the breaking point if every past decision could be reopened in every case, and one could not lay one's own course of bricks on the

7

secure foundation of the courses laid by others who had gone before him."). Admittedly, this passage from *Neuman* was dicta, but today it is squarely at issue.

Nothing presented by the parties suggests that the Court's conclusion about the weight of authority in 1982 has changed (even though the country has admittedly changed in so many other ways). If anything, the newer cases confirm that our original conclusion remains pellucidly "clear precedent." *See Tillman v. Pepsi Bottling Grp., Inc.*, 538 F. Supp. 2d 754, 772 (D. Del. 2008); *accord Stemple v. City of Dover*, 958 F. Supp. 335, 338 (N.D. Ohio 1997). Boyd argues that this line of cases does not apply because she seeks injunctive relief in addition to damages. But AFSCME is correct that injunctive relief is available where the Equal Employment Opportunity Commission, not the employee, is the moving party. *See Lyon,* 507 F. Supp. at 475.

For these reasons, the Court dismisses the case against AFSCME.

## CONCLUSION

For the foregoing reasons, the Court grants the motions to dismiss. The dismissal is with prejudice for AFSCME 31 and without prejudice for the City of Chicago. It is so ordered.

Dated: 5/20/2021

_____
Charles P. Kocoras
United States District Judge