UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA BOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 20 C 710 |
| CITY OF CHICAGO, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant City of Chicago's ("City") Motion to Dismiss Plaintiff Angela Boyd's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies the City's Motion.

# BACKGROUND

This is an Equal Pay Act ("EPA") case where Plaintiff Angela Ms. Boyd, a mailroom employee, broadly alleges that the City of Chicago's Department of Fleet and Facility Management ("2FM") paid her less than her male counterparts for equal work. Dkt. # 70, at 1–3. Specifically, Ms. Boyd alleges she was paid less than male coworker Romell Shorter. Ms. Boyd claims that, despite his title of "concrete laborer," Mr. Shorter is paid $40.20 an hour to perform the same work as she. *Id*. at 2.

Ms. Boyd alleges her duties with 2FM, including picking up and dropping off mail and boxes at various City locations, are the same as Mr. Shorter's. *Id*. Ms. Boyd

1

further claims that she and Mr. Shorter serve the same locations, so it is her belief that Mr. Shorter, although holding the title of a concrete laborer and making $40.20 an hour, performs "solely" an identical job to Ms. Boyd. *Id*. Ms. Boyd backs this up by noting that she at times observed Mr. Shorter performing her same duties but has not otherwise seen him perform any duties of a concrete laborer. *Id.* at 3. As a result, Ms. Boyd alleges they share substantially the same qualifications and relevant experience for the jobs they concurrently perform. Likewise, their working conditions, such as wearing steel toed boots, using dollies, and lifting heavy boxes and packages, are similar. Armed with these facts, Ms. Boyd alleges a violation of (1) the Illinois EPA (Count I); and (2) the Federal EPA (Count II).[1] *Id.* at 3–5.

The City moves to dismiss Ms. Boyd's SAC under Federal Rule of Civil Procedure 12(b)(6), arguing Ms. Boyd fails to plausibly allege Mr. Shorter performed substantially similar work, and that the males in her specific department who do perform substantially similar work were paid more than her. Dkt. # 71. The City also moves to strike Ms. Boyd's request for punitive damages, which are not recoverable from the City. *Id.*

In her Response to the City's Motion, Ms. Boyd elaborated on the allegations in the SAC, providing additional relevant facts and information not originally included in her SAC. Dkt. # 72. In particular, Ms. Boyd submits "photographic evidence"

---

[1] The Court considers these claims in tandem because both acts prohibit sex-based wage discrimination. *See* 820 ILCS 112/10(a); 29 U.S.C. § 206(d). The parties have also not provided any legal authority suggesting that the two statutes should be analyzed differently.

indicating "a continuous pattern where a person given a title of 'concrete laborer' – apparently as a pretext for higher pay – has in fact worked as a mail deliverer," for months. *Id.* at 2–3. In addition to the several photographs suggesting Mr. Shorter does indeed deliver mail for 2FM, Ms. Boyd conveys conversations she had with Mr. Shorter as well as conversations she overheard in which he represents mail delivery is what he has done "all day" and "for months," or even, "for years." *Id.* at 6. In fact, Ms. Boyd points out that on occasion, Mr. Shorter delivered mail to her. *Id.*

The City argues the Court should not take this additional information into consideration when ruling on its Motion to Dismiss. Dkt. # 73. The City further maintains that, even with the new allegations and supporting information included in Ms. Boyd's Response, she still failed to plausibly allege EPA violations. *Id*.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## **DISCUSSION**

In moving to dismiss Ms. Boyd's SAC in its entirety, the City argues Ms. Boyd fails to plausibly allege Mr. Shorter performed substantially similar work, and that the males in her specific department who do perform substantially similar work were paid more than her. The City also moves to strike Ms. Boyd's request for punitive damages, which are not recoverable from the City.

**1. Ms. Boyd's Response to the City's Motion to Dismiss**

Before assessing whether Ms. Boyd plausibly stated a claim, the Court must address the City's argument as to whether the Court may consider the additional information supplied in Ms. Boyd's Response that is not also present in her SAC.

It is true that the pleading barrier is not all that high. *Bruno v. Glob. Experience Specialists, Inc.*, 2020 WL 5253139, at *2 (N.D. Ill. 2020). This is especially true

4

because complaints need not set out legal theories, articulate comprehensive facts, or attach evidence. *Id.*; *see also Rapid Test Prods., Inc. v. Durham Sch. Servs., Inc.*, 460 F.3d 859, 860 (7th Cir. 2006); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). As a result, courts generally look only to matters within the "four corners" of the complaint when deciding a motion to dismiss. *Bruno*, 2020 WL 5253139, at *2; Fed. R. Civ. P. 12(d); *see also Burke v. 401 N. Wabash Venture, L.L.C.*, 714 F.3d 501, 505 (7th Cir. 2013).

Nevertheless, the Seventh Circuit has held that, "a plaintiff, however, has much more flexibility in opposing a Rule 12(b)(6) motion," such that "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expect to be able to prove." *Heng v. Heavner, Beyers & Mihlar, L.L.C.*, 849 F.3d 348, 354 (7th Cir. 2017) (citing *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). In particular, in defending against a Rule 12(b)(6) motion to dismiss, a plaintiff is permitted "to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). With this in mind, a reading of Ms. Boyd's Response alongside her Complaint leads the Court to a conclusion the information supplied in both is consistent.

As Ms. Boyd alleges in her complaint, Mr. Shorter performs solely mail delivery functions and his title as a "concrete laborer" is merely a pretext. Dkt. # 70, at 2–3. Such

5

that Mr. Shorter performs solely mail delivery functions "all day," "every day," and "for months," or even "for years," as Ms. Boyd introduces in her Response, there is a consistent state of facts across her SAC and Response. *Id.* at 5–6. Thus, if given all due deference, these facts illustrate the allegations Ms. Boyd expects to be able to prove. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993) ("[The court] must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff."); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991) ("[T]he plaintiff is entitled to all reasonable inferences that can be drawn. . . .").

The City disputes tolerance of Ms. Boyd's supplement, aptly citing to *Bruno*, and arguing Ms. Boyd's SAC closely resembles the facts in that case. Dkt. # 73, at 6–8. However, *Bruno* can be distinguished because although Ms. Boyd's SAC is arguably deficient within its four corners, Ms. Boyd at least plead enough facts to permit the conclusion that the additions in her Response are consistent with the allegations in the SAC. On the other hand, in *Bruno*, the plaintiff alleged that the defendant had a duty to use ordinary care, and "that was it." *Bruno*, 2020 WL 5253139, at *2 (cleaned up). As the City correctly points out, Ms. Boyd included as many as four facts in her SAC, namely: (1) she and Mr. Shorter wear steel-toed boots, use dollies, and lift heavy boxes and mail; (2) Ms. Boyd observed and photographed Mr. Shorter performing mailroom duties throughout the workday; (3) Ms. Boyd did not observe Mr. Shorter performing concrete work during her observations of him; and (4) they have the same qualifications

6

and skill in performing mailroom duties. Dkt. # 73, at 7. In *Bruno*, the complaint was "so sparse" that even this well-established exception could not save it, unlike here where Ms. Boyd's SAC is certainly sparse, but not so sparse that the Court cannot deem information supplied in her Response to be at least consistent with the albeit few facts she does supply in her SAC. *See Bruno*, 2020 WL 5253139, at *2; *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (denying motion to strike new materials submitted on appeal because the plaintiff's supplemental appendix not included in the record illustrated there might be a set of facts consistent with the allegations in the complaint).

Therefore, as it stands consistent with her SAC, the Court may consider the additional information supplied in Ms. Boyd's Response that is not also present in her SAC.

**2. Ms. Boyd's Second Amended Complaint & The City's Motion to Dismiss**

Because the Court may consider the relevant facts and information from Ms. Boyd's Response, the issue is thus whether Ms. Boyd plausibly alleged EPA violations by the City.

To plead an EPA claim, Ms. Boyd must allege that "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities,[2] and (3) the work was performed under similar working conditions."

---

[2] While the IEPA requires only "substantially similar" skill, effort, and responsibility, rather than that of equal skill, effort, and responsibility required under the FEPA, courts have applied the same standard to both claims. See *Hubers v. Gannett Co., Inc.*, 2019 WL 1112259, at *4, n.8 (N.D. Ill. 2019) and *Heise v.*

7

*Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693, 698 (7th Cir. 2003). It is undisputed Ms. Boyd alleges the first prong, so the Court's analysis rests on prongs two and three. In effect, the Court must look at whether the higher paid male did equal work as defined by the EPA.

In answering this question, the Court is mindful that a complaint with mere "naked assertions devoid of further factual enhancement" does not suffice under Rule 12(b)(6). *Ashcroft*, 556 U.S. at 678. A plaintiff like Ms. Boyd also needs to provide "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Thus, the Court looks at the factual allegations in Ms. Boyd's complaint and asks whether based on its experience and common sense, there is enough there to present a story of discrimination that is "plausible, rather than merely speculative." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In other words, is there more than a "sheer possibility" of discrimination? *Ashcroft*, 556 U.S. at 678.

Here, the Court concludes that there is. Ms. Boyd alleges Mr. Shorter's title is a "mere pretext" and that he performs "solely" an identical job to Ms. Boyd's. Dkt. # 70, at 2; Dkt. # 72, at 6–8. In support of this allegation, Ms. Boyd's "factual heft" consists of photographs, indicating Mr. Shorter does indeed deliver mail at least occasionally as well as collateral conversations in which Mr. Shorter allegedly confirms Mr. Boyd's

---

*Canon Sols. America, Inc.*, 2018 WL 3533255, at *12, n.14 (N.D. Ill. 2018), both citing *Bowbin v. Bulkmatic Transp., Inc.*, 2007 WL 3374402, at * 5, n.2 (N.D. Ill. Nov. 13, 2007).

suspicions that mail delivery is his sole vocation. *Id.*; *see also McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (noting that "factual heft' is required to survive a motion to dismiss). Furthermore, from her "every day" eyewitness accounts, Ms. Boyd concludes that Mr. Shorter performs no additional duties and uses no additional skills as a concrete laborer. Dkt. # 70, at 2; Dkt. # 72, at 6–8. Rather, Ms. Boyd notes that Mr. Shorter regularly performs similar mailroom duties, including picking up mail from a specific outgoing mailbox, delivering mail to consistent places over time, and even to Ms. Boyd directly, all the while earning a substantially higher wage than Ms. Boyd. *Id.* Standing alone, any one of these facts may not reach the threshold for a plausible EPA claim, but together, they present a story that surpasses a sheer possibility of discrimination.

The City contests the sufficiency of Ms. Boyd's allegations against the standard to bring an EPA claim. Dkt. # 73, at 8–10. As the City points out, Mr. Shorter could not hold the title of Concrete Laborer absent the requisite experience, skills, and physical abilities specific to that title. *Id.* at 9. However, that is not to say that although Mr. Shorter must have had (and may still have) the requisite qualifications to earn this title, such is merely a pretext, and his *current* job, for which he earns substantially higher pay than Ms. Boyd, fits within the standard to bring an EPA claim. Importantly, Mr. Shorter could not perform his duties within 2FM absent the requisite experience, skills, and physical abilities specific to that job, namely the same characteristics shared by Ms. Boyd, which qualified her for her role in 2FM.

9

Furthermore, the City challenges Ms. Boyd's allegation that the pay difference between her and Mr. Shorter is based on sex. Dkt. # 71, at 11–12; Dkt. # 73, at 10–13. But the cases the City cites are distinguishable and do not control the outcome here. Whereas the plaintiff in *Parks v. Speedy Title & Appraisal Review Services* alleged she was paid less than her "male and possible female counterparts," 318 F. Supp. 3d 1053, 1070 (N.D. Ill. 2018), Ms. Boyd makes no claims against any women, but "several men," using Mr. Shorter specifically as a comparator. Dkt. # 70, at 2–3. It is true that alleging she was paid less than both male and female coworkers would doom Ms. Boyd's SAC, but that is not the case here. Similarly, in *Lynch v. City of Chicago*, the plaintiffs alleged they were denied equal benefits due to "age and rank," but not gender. 2013 WL 4506886, at *3 (N.D. Ill. 2013). Ms. Boyd, however, attributes denial of equal pay expressly to gender. Dkt. # 70, at 3–5. As is required to state a claim under the EPA, Ms. Boyd alleges a causal relationship between sex and pay and that the other factors the City relies on to explain the pay difference are merely a pretext. *See Lindale v. Tokheim Corp.*, 145 F.3d 953, 957 (7th Cir. 1998) (noting that a claim under the EPA requires a "causal relation between sex and pay," and "if the difference is due to a factor unrelated to gender, there is no violation"); Dkt. # 70, at 2, 3–5.

Therefore, given the appropriate standard set forth above, and drawing all reasonable inferences in favor of Ms. Boyd and construing all allegations in her favor, Ms. Boyd sets forth at least plausible claims under the EPA.

10

### 3. Ms. Boyd's Request for Relief of Punitive Damages

Finally, with respect to Ms. Boyd's request for "punitive damages in an appropriate amount and allowed by law" against the City (Dkt. # 70, at 6), such a prayer for relief is indeed disallowed by law. This is because punitive damages are not recoverable from a municipal entity. *Kolar v. Sangamon Cnty. of State of Ill.*, 756 F.2d 564, 567 (7th Cir. 1985) ("As a general rule, local public entities are immune from punitive damage awards in civil rights actions."). Because the City, a municipal corporation, is the only named defendant in Ms. Boyd's SAC, Ms. Boyd's request for punitive damages is improper. Ms. Boyd does not substantively address this argument and concedes in her Response she "is not seeking punitive damages from Chicago on the presently asserted claims." Dkt. # 72, at 6. Accordingly, the Court strikes the request for punitive damages in the SAC.

### CONCLUSION

For the foregoing reasons, the Court denies the City's Motion to Dismiss [71]. Ms. Boyd's request for punitive damages against the City is stricken. Status hearing is set for 12/7/2022 at 10:40 a.m. It is so ordered.

Dated: November 16, 2021

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge